FILED
AUG 28 2007
DAVID CREWS, CLERK
By [signature] Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| ROBERT M. SCOTT | PLAINTIFF |
| versus | Case No.: 1:07CV211-M-D |
| DAVOL, INC. and C.R. BARD, INC. | DEFENDANTS |

**ORIGINAL COMPLAINT**

**(Jury Trial Demanded)**

Plaintiff Robert M. Scott, by and through undersigned counsel, brings this products liability action against Defendants Davol, Inc. and C.R. Bard, Inc. as follows:

## I. Introduction

1.1 Plaintiff Robert M. Scott brings this products liability action against Davol, Inc. and C.R. Bard, Inc. to recover compensatory and punitive damages arising out of the implantation of a defective Composix® Kugel Mesh Patch (referred to herein as "Kugel Mesh Patch" or the "Product") into his body on October 4, 2005 at the Baptist Memorial Hospital, Golden Triangle located within Columbus, Mississippi.

## II. Parties

2.1 Plaintiff Robert M. Scott is an adult resident citizen of Aberdeen, Mississippi.

2.2 Defendant Davol, Inc. ("Davol") is a Rhode Island corporation which maintains its principal place of business at 100 Sockanossett Crossroad, Cranston, Rhode Island 02920, and may be served with process via its

registered agent, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232. Davol is the manufacturer of the Kugel Mesh Patch which is made subject of this action.

2.3 Defendant C.R. Bard, Inc. ("Bard") is a New Jersey corporation which maintains its principal place of business at 730 Central Avenue, Murray Hill, New Jersey 07974-1139, and may be served with process via its registered agent, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232. Bard is the corporate parent and/or primary stockholder of Davol and participates in the manufacture and distribution of the Kugel Mesh Patch. In addition, Bard manufactures and supplies Davol with material that forms part of the Kugel Mesh Patch.

## III. Jurisdiction & Venue

3.1 This is an action between citizens of different states and involves money damages in excess of $75,000.00. Consequently, subject matter jurisdiction exists in the federal courts pursuant to 28 U.S.C § 1332.

3.2 This court is an appropriate venue for this action pursuant to 28 U.S.C. § 1391 because a substantial portion of the events which give rise to this action occurred in whole or in part within this district, and Defendants regularly transact business within this district.

## IV. Factual Allegations

### A. Plaintiff's Hernia Repair Surgery

4.1 On or about October 4, 2005, Plaintiff underwent a hernia repair surgery at the Baptist Memorial Hospital, Golden Triangle, located within

Columbus, Mississippi. During the course of this procedure, Dr. Gerry L. Jeffcoat implanted within Plaintiff a Composix® Kugel Mesh Patch.

4.2 Plaintiff's hernia returned approximately three (3) to four (4) months after the Kugel Mesh Patch was installed. Ultimately, Plaintiff had his Kugel Mesh Patch removed on May 9, 2007 by Dr. Guy R. Voeller, a Memphis, Tennessee physician.

4.3 Upon removal, it was discovered that the Kugel Mesh Patch's "memory recoil ring" had broken.

**B. Product History**

4.4 Defendants submitted their 510k Application to the Federal Drug Administration ("FDA") on January 22, 2001. Following this 510k Application, Kugel Mesh Patch was authorized by the FDA as a Class II medical device.

4.5 On December 22, 2005, a Class I recall (issued for problems related to medical devices that are potentially life-threatening or could cause a serious risk to the health of the patients implanted with the device) was issued for many sizes of Kugel Mesh Patches, including the size installed into Plaintiff's body only two (2) months earlier.

4.6 The Kugel Mesh Patch was recalled due to a faulty "memory recoil ring" that can break under pressure.

4.7 On March 24, 2006, the initial Class I recall of the Kugel Mesh Patch was expanded to include several additional sizes of the patch and numerous additional lots of the defective hernia mesh patch. The recall was

further expanded on January 10, 1007 to encompass further production lots of the defective product.

## V. Causes of Action

### Cause of Action No. 1: Negligence

5.1 Plaintiff incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

5.2 At all material times, Defendants had a duty to exercise reasonable care in all aspects of the design, manufacture, testing, labeling, marketing, sale and provision of adequate warnings regarding the use of the Kugel Mesh Patch so as to ensure the safety of the Product and to ensure that the consuming public, including Plaintiff, obtained accurate information and instructions for the safe use of the Product.

5.3 Defendants failed to exercise ordinary care in the design, manufacture, sale, testing, quality assurance, quality control and distribution of the products into interstate commerce in that Defendants knew or should have known that the Product created a high risk of unreasonable, dangerous breakage of the "memory recoil ring" and patch migration which could result in permanent injury.

5.4 Defendants were negligent in the design, manufacture, testing, advertising, warning, marketing and sale of the aforesaid product in the following particulars, to wit:

a. Failing to use due care in the design and manufacture of the Product so as to avoid risks to the Plaintiff when such Product was used for its intended purpose;

b. Failing to accompany its Product with proper warnings regarding all possible adverse effects associated with the use of its Product, the comparative severity and duration of such adverse effects, and inaccurate reflection of the symptoms, scope and severity of the side effects;

c. Failing to provide adequate information to medical care providers as to the appropriate use of the Product;

d. Failing to warn Plaintiff prior to actively encouraging the sale of the Product(s) orally or in writing about (1) the possibility of adverse events; (2) the possibility of becoming disabled as a result of using the Product; and (3) that such adverse effects might result in a serious personal injury and additional surgery;

e. Failing to adequately test or warn about the possible adverse effects caused by the use of the Product; and

f. In such other and further particulars as will be proven at trial.

5.5 Upon information and belief, Defendants continued to market the aforesaid Product, despite the fact that Defendants knew or should have known that the Product caused unreasonable, dangerous health effects, which many users would be unable to remedy by any means, and when there were alternative methods to manufacture the Product.

5.6 Defendants knew or should have known that consumers such as Plaintiff would suffer foreseeable injury as a result of Defendants' failure to exercise ordinary care as described herein.

5.7 At all material times, Defendants knew of the defective nature of its Product as set forth herein, and continued to design, manufacture, market and sell its Products so as to maximize sales and profits at the expense of public health and safety, and as such Defendants' conduct exhibits a wanton and reckless disregard for human life; and, Defendants exhibited such an entire want to care as to establish that its actions were a result of fraud, actual malice and a conscious and deliberate disregard of foreseeable harm to the Plaintiff herein, thereby entitling the Plaintiff to punitive damages.

**Cause of Action No. 2: Failure to Warn**

5.8 Plaintiff incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

5.9 The Product manufactured and/or supplied by Defendants was at all times unaccompanied by proper warnings concerning all possible adverse side effects including, but not limited to, the comparative severity, scope and duration of adverse effects. As such, Defendant violated Miss. Code Ann. § 11-1-63(c).

5.10 After Defendants knew or should have known of the risk of injury from the use of its Product, they failed to provide adequate warnings to users or consumers of the Product, and continued to aggressively promote the Product, and as a direct result thereof, the Product designed, manufactured and/or

supplied by Defendants was defective due to inadequate post-marketing warning and/or instructions.

5.11 Upon information and belief, as a producing cause of legal result of the defective condition of the Product as designed, manufactured, and/or supplied by Defendants, and as a direct and legal result of the negligence, carelessness, other wrongdoing and actions of Defendants, Plaintiff sustained the damages and injuries set forth herein.

5.12 At all material times, Defendants knew of the defective nature of their Product and continued to design, manufacture, market and sell the Product so as to maximize sales and profits at the expense of public health and safety, and as such, Defendants' conduct exhibits such an entire want of care as to establish its actions were willful, reckless, a result of fraud, actual malice, and the conscious and deliberate disregard of foreseeable harm to Plaintiff thereby entitling Plaintiff to punitive damages.

**Cause of Action No. 3: Design and/or Manufacturing Defect**

5.13 Plaintiff incorporates by reference all preceding paragraphs and allegations of this Complaint as fully set forth herein.

5.14 At all material times, the aforesaid Product manufactured by Defendants was placed into the stream of commerce by Defendants in a defective and unreasonably dangerous condition in that the Product deviated in a material way from the manufacturer's specifications or from otherwise identical units manufactured to the same manufacturing specifications, and the defective condition rendered the Product unreasonably dangerous to the Plaintiff, and the

defective and unreasonably dangerous condition of the Product proximately caused the damages for which recovery is sought in this action. As such, Defendants violated Miss. Code Ann. § 11-1-63(a)

5.15 Alternatively, the aforesaid Product designed by Defendants was defective in that the Defendants knew, on in light of reasonably available knowledge or in the exercise of reasonable care should have known , about the danger that caused the Plaintiff's damage, and the Product failed to function as expected and there existed a feasible design alternative that would have to a reasonable probability prevented the harm. As such, Defendants violated Miss. Code Ann. § 11-1-63(f).

5.16 Upon information and belief, that aforesaid Product was, at the time it left Defendants' control, a defective Product unreasonably dangerous for use, and resulted in injury to the Plaintiff as alleged herein.

5.17 The defective and unreasonably dangerous condition of the aforesaid Product was the proximate cause of the injuries sustained by the Plaintiff resulting in the damages and injuries set forth herein.

5.18 At all material times, Defendants actually knew of the defective nature of its Product as set forth herein and recklessly continued to design, manufacture, market and sell their Product so as to maximize sales and profits at the expense of public health and safety, and they exhibited such an entire want to care as to establish its actions were willful, wanton, reckless, fraudulent, malicious, and exhibited a conscious and deliberate disregard of foreseeable harm to Plaintiff, thereby entitling Plaintiff to punitive damages.

**Cause of Action No. 4: Express Warranty of Merchantability**

5.19 Plaintiff incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

5.20 Defendant expressly warranted that the aforesaid Product was safe for use and Plaintiff justifiably relied upon said express warranties.

5.21 The Product was defective and unreasonably dangerous to the Plaintiff and other similarly situated users, and said defective and unreasonably dangerous condition caused Plaintiff's damages. Accordingly, Defendants have violated Miss. Code Ann. § 11-1-63(a).

**Cause of Action No. 5: Implied Warranties**

5.22 Plaintiff incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

5.23 Mississippi law recognizes an action for breach of implied warranties of safety, merchantability and fitness. *Bennett v. Madakasira*, 821 So.2d 794, 808 (Miss. 2002). Defendants have violated these implied warranties as follows:

a. Defendants impliedly warranted to prospective purchasers and users, including Plaintiff, that the aforesaid Product was safe, merchantable, and fit for the ordinary purposes for which such goods are used.

b. Plaintiff reasonably relied upon the skill and judgment of Defendants as to whether the Product was of merchantable quality and safe and fit for its intended use.

c. Upon information and belief, and contrary to such implied warranties, said Product was not of merchantable quality or safe or fit for its intended use because the Product was and is unreasonably dangerous and unfit for the ordinary purpose for which it was used as previously described herein.

5.24 As a direct and proximate result of the breach of implied warranties by Defendants, Plaintiff suffered and will continue to suffer injury, harm and economic loss as alleged herein.

**Cause of Action No. 6: Negligent Misrepresentation**

5.25 Plaintiff incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

5.26 Defendants falsely represented to Plaintiff that the aforesaid Product was safe when used as instructed. These representations, that the Products was safe for its intended use when used as instructed and labeled, were false as the Product was in fact dangerous to the health of Plaintiff when used as intended.

5.27 Defendants failed to exercise reasonable care in ascertaining the accuracy of the information regarding the safe use of the Product, and otherwise failed to exercise reasonable care in communicating the information to Plaintiff.

5.28 In reasonable reliance upon Defendants' misrepresentations, Plaintiff was induced to, and did, use the ingested Product.

5.29 As a direct and proximate result of Defendants' misrepresentations, Plaintiff sustained the damages and injuries set forth herein.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Robert M. Scott prays that he be refunded all costs of his use of the Composix® Kugel Mesh Patch; that he be awarded compensatory, consequential, and punitive damages due and owed him; that he be compensated for any and all medical management and future and past medical expenses he may incur; that he be compensated for his attorneys' fees, expenses, interest and costs of this action; that he be awarded any extraordinary, declaratory or injunctive relief as permitted by law as necessary to assure that Plaintiff has an effective remedy; and for such other and further relief as this Court deems just and proper.

Respectfully submitted, this the 27th day of August 2007.

BY: William M. Quin II

William M. Quin, II (MS Bar # 10834)
**THE LANGSTON LAW FIRM, P.A.**
Post Office Box 787
Booneville, MS 38829
Telephone: 662-728-3138
Facsimile: 662-728-1992
wquin@langstonlaw.com

*Attorney for Plaintiff Robert M. Scott*