**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**ROBERT M. SCOTT** **PLAINTIFF**

**v.** **CASE No.: 1:07-cv-00211-MPM-JAD**

**DAVOL INC. and C.R. BARD, INC.** **DEFENDANTS**

**ANSWER AND AFFIRMATIVE DEFENSES**
**OF DEFENDANTS DAVOL INC. AND C.R. BARD, INC.**

Defendant Davol, Inc. ("Davol") and Defendant C.R. Bard, Inc. ("Bard"), by and through their counsel, answer Plaintiff's Complaint as follows:

## I. INTRODUCTION

1.1 The allegations in Paragraph 1.1 are conclusions of law to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

## II. PARTIES

2.1 Paragraph 2.1 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2.1 of the Complaint and therefore deny the same.

2.2 The allegations in Paragraph 2.2 are not directed to Bard, and therefore no response is required. Davol admits that it is a corporation organized under the laws of the State of Delaware with its principal place of business at 100 Sockanosset Crossroad, Cranston, Rhode Island 02920. Answering further, Davol admits that at various times it manufactured the

Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol denies the remaining allegations.

2.3 The allegations in Paragraph 2.3 are not directed to Davol, and therefore no response is required. Bard admits that it is a corporation organized under the laws of the State of New Jersey with its principal office and place of business at 730 Central Avenue, Murray Hill, New Jersey 07974. Answering further, Bard admits that Davol is its subsidiary. Bard denies each and every remaining allegation in Paragraph 2.3.

## III. JURISDICTION AND VENUE

3.1 Defendants admit that the jurisdictional requirements of 28 U.S.C. § 1332 have been met.

3.2 The allegations in Paragraph 3.2 are conclusions of law to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff's Hernia Repair Surgery

4.1 Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 4.1 of the Complaint, and therefore deny the same.

4.2 Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 4.2 of the Complaint, and therefore deny the same.

4.3 Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 4.3 of the Complaint, and therefore deny the same.

**B. Product History**

4.4 Defendants admit that Davol submitted a 510k Application on October 23, 2000. On January 22, 2001, the federal Food & Drug Administration approved Davol's Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

4.5 Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to market with FDA approval. Answering further, Defendants admit that the FDA characterizes a "Class I" recall as potentially life threatening or posing a potential for serious bodily harm. As to the remaining allegations, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 4.5 of the Complaint, and therefore deny the same.

4.6 Denied. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place due to a potential for PET recoil ring breaking.

4.7 Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to market with FDA approval.

**V. Causes of Action**
**Cause of Action No. 1: Negligence**

5.1 In response to Paragraph 5.1 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

5.2 The allegations in Paragraph 5.2 are conclusions of law to which no response is

required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 5.2 of the Complaint.

5.3 The allegations in Paragraph 5.3 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 5.3 of the Complaint.

5.4 The allegations in Paragraph 5.4 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 5.4 and its subparts (a) to (f) of the Complaint.

5.5 The allegations in Paragraph 5.5 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 5.5 of the Complaint.

5.6 The allegations in Paragraph 5.6 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 5.6 of the Complaint.

5.7 The allegations in Paragraph 5.7 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 5.7 of the Complaint.

**Cause of Action No. 2: Failure to Warn**

5.8 In response to Paragraph 5.8 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

5.9 The allegations in Paragraph 5.9 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in

Paragraph 5.9 of the Complaint.

5.10 The allegations in Paragraph 5.10 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 5.10 of the Complaint.

5.11 The allegations in Paragraph 5.11 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 5.11 of the Complaint.

5.12 The allegations in Paragraph 5.12 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 5.12 of the Complaint.

**Cause of Action No. 3: Design and/or Manufacturing Defect**

5.13 In response to Paragraph 5.13 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

5.14 The allegations in Paragraph 5.14 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 5.14 of the Complaint.

5.15 The allegations in Paragraph 5.15 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 5.15 of the Complaint.

5.16 The allegations in Paragraph 5.16 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 5.16 of the Complaint.

5.17 The allegations in Paragraph 5.17 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 5.17 of the Complaint.

5.18 The allegations in Paragraph 5.18 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 5.18 of the Complaint.

**Cause of Action No. 4: Express Warranty of Merchantability**

5.19 In response to Paragraph 5.19 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

5.20 The allegations in Paragraph 5.20 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 5.20 of the Complaint.

5.21 The allegations in Paragraph 5.21 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 5.21 of the Complaint.

**Cause of Action No. 5: Implied Warranties**

5.22 In response to Paragraph 5.22 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

5.23 The allegations in Paragraph 5.23 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 5.23 and its subparts (a) through (c) of the Complaint.

5.24 The allegations in Paragraph 5.24 are conclusions of law to which no response is

required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 5.24 of the Complaint.

**Cause of Action No. 6: Negligent Misrepresentation**

5.25 In response to Paragraph 5.25 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

5.26 The allegations in Paragraph 5.26 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 5.26 of the Complaint.

5.27 The allegations in Paragraph 5.27 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 5.27 of the Complaint.

5.28 Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 5.28 of the Complaint, and therefore deny the same.

5.29 The allegations in Paragraph 5.29 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 5.29 of the Complaint.

**SEPARATE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims in whole or in part.

4. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

5. Applicable statutes of limitations, statutes of repose, and/or the doctrine of laches bar Plaintiff's claims in whole or in part.

6. The misuse or abnormal use of the product or failure to follow instructions by plaintiff, his agents, or his physicians bar the Plaintiffs' claims in whole or in part.

7. If Plaintiffs used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

8. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

9. If Plaintiff sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault; assumption of the risk, or failure to mitigate damages.

10. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars Plaintiffs' claims.

11. The learned intermediary doctrine bars Plaintiff's claims.

12. Plaintiff's claims are barred, in whole or in part, because the products at issue

were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

13. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

14. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

15. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

16. If Plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

17. Defendants state that if Plaintiff sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct Defendants are not responsible; accordingly, Defendants are entitled to an allocation of the relative degree of fault under Miss. Code Ann. § 85-5-7 (Supp.

2007) for all such persons and entities.

18. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

19. Plaintiff failed to mitigate, which limits Plaintiff's damages, if any, in whole or in part.

20. Defendants have no legal relationship or privity with Plaintiff and owe no duty to Plaintiff by which liability could be attributed to it.

21. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiffs failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

22. Plaintiff's recovery, if any, shall be reduced in whole or in part by Plaintiffs' own comparative negligence.

23. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

24. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

25. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

26. The applicable state and federal law, including State Farm Mutual Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003), bars Plaintiff's alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the due process guarantees embodied in the Mississippi constitution.

27. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Mississippi constitution.

28. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because Plaintiffs have failed to allege conduct warranting the imposition of punitive damages under Mississippi and/or other applicable laws.

29. To the extent Plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

30. Plaintiffs' claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Mississippi.

31. Defendants hereby give notice that they intend to rely upon such other defenses as

may become available or apparent during the course of discovery and thus reserve their rights to amend this Answer to assert such defenses.

WHEREFORE, Defendant Davol, Inc. and Defendant C.R. Bard, Inc. demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Respectfully submitted,

DAVOL, INC. and C.R. BARD, INC.

BY: WATKINS & EAGER, PLLC

By: s/Robert H. Pedersen
Robert H. Pedersen

**OF COUNSEL:**

**Mildred M. Morris (MSB #3492)**
**Ronald E. McMillan (MSB #10712)**
**Robert H. Pedersen, Esq. (MSB #4084)**
**WATKINS & EAGER PLLC**
**The Emporium Building**
**400 East Capitol Street, Suite 300**
**Post Office Box 650**
**Jackson, Mississippi 39205**
**(601) 965-1900**
***Attorneys for Defendants Davol, Inc. and C.R. Bard, Inc.***

## CERTIFICATE OF SERVICE

I, Robert H. Pedersen, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

William M. Quin, II, Esq.
wquin@langstonlaw.com
The Langston Law Firm, P.A.
P. O. Box 787
Booneville, MS 38829
*Attorneys for Plaintiff Robert M. Scott*

and I hereby certify that I have mailed by United States Postal Service a true and correct copy of the above and foregoing pleading to the following non-ECF participants:

None

**This the 18th day of SEPTEMBER, 2007**.

s/Robert H. Pedersen

L:\1862\Scott Robert\Pleadings\P001.Answer.wpd